UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MARSH,<br><br>    Plaintiff,<br><br>v.<br><br>JODIE ANDERSON, *et al*.,<br><br>    Defendants. | Case No. 21-10348<br>Honorable Bernard A. Friedman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT ANDERSON'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

I.  **Introduction**

Plaintiff David Marsh, a prisoner of the Michigan Department of Corrections (MDOC), sues MDOC resident unit manager Jodie Anderson, Blue Star Service Dogs, Inc. and its executive director, Christine Myran, alleging violations of his rights under the Americans with Disabilities Act and the Fourteenth Amendment, and retaliation.  ECF No. 1.  The Honorable Bernard A. Friedman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 6.

Anderson moves for summary judgment for failure to exhaust remedies. ECF No. 11. For the reasons below, the Court recommends that the motion for summary judgment be denied.

## II.    Background

While an inmate at MDOC's Saginaw Correctional Facility (SRF), Marsh participated in the Veterans' Dog Program to train service dogs for disabled veterans. ECF No. 1, PageID.5. Marsh withdrew from the program in April 2018 after an injury prevented him from caring for his assigned dog. *Id.* Although his work assignment termination report was marked "will take back," Marsh was refused re-assignment to the program after he was medically cleared to return to work in May 2019. *Id.*, PageID.6. Marsh submitted a Step I grievance (2019-08-0821-27Z) for the repeated denials of his requests to rejoin the dog program. ECF No. 26, PageID.152. That grievance was rejected under MDOC Policy Directive (PD) 03.02.130, ¶ F, with the explanation: "'Grievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement which directly affect the grievant.' The grievance procedure is not to be used as kite or communications mechanism by prisoners. There is no policy violation as the Dog Program is not covered in policy." *Id*. Marsh did not appeal the rejection of his Step I grievance,

and instead sought redress by applying to other prison dog training programs, writing to SRF's warden, and bringing this action.  *Id.*, PageID.154-157; ECF No. 1.

### III. Analysis

#### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id*. at 324.  The Court must view the factual evidence in the light

most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).  The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison.  *Woodford*, 548 U.S. at 93-94.  But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit.  *Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted

4

his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021) (internal quotation and citation omitted), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

Anderson moves for summary judgment on the grounds that Marsh failed to exhaust his administrative remedies against her. The Court disagrees and recommends that Marsh's claims against Anderson be allowed to proceed.

The MDOC PD 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances.[1] But prisoners "'cannot be required to exhaust administrative remedies regarding non-grievable issues.'" *Peoples v. Bauman*, No. 16-2096, 2017 WL 7050280, at *4 (6th Cir. Sept. 5, 2017) (quoting *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004)). The non-grievability of a type of issue through a prison grievance process

---

[1] The Policy Directive is available at: https://www.michigan.gov/documents/corrections/03_02_130_649677_7.pdf (last viewed 2/16/2022).

makes that remedy unavailable under the PLRA. *Mays v. Kentucky Dep't of Corr.*, 2018 WL 4603153, at *2 (W.D. Ky. Sept. 25, 2018) (citing *Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006)); *see also Kelly v. Kulenovic*, 2020 WL 1060325, at *10 (M.D. Tenn. Feb. 18, 2020) (when a grievance system has a "flat rule" against a particular type of grievance, they are non-grievable for the purposes of the PLRA's exhaustion requirement).

The Policy Directive states that grievances may be submitted about alleged violations of policy or procedure or unsatisfactory conditions of confinement that personally affect the grievant, including alleged violations of this policy and related procedures. MDOC PD .03.02.130 ¶ F. Here, Marsh's grievance was rejected because no dog program policy existed, and thus there was no violation of any policy. ECF No. 26, PageID.152. Based on its explanation for rejection of Marsh's Step I grievance, the MDOC considered the issues he raised as non-grievable. "Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because the plaintiff failed to follow the grievance procedure." *Mays*, 2018 WL 4603153, at *3 (internal quotations and marks omitted). Because the grievance procedure was unavailable to Marsh, he is excused from PLRA exhaustion requirements.

6

Anderson argues that Marsh had a duty to appeal through step three the finding that his complaint was not grievable. ECF No. 27, PageID.163. But Marsh has met his burden of producing evidence "that administrative exhaustion was not available to him." *Kelly*, 2020 WL 1060325, at *10; *see also* ECF No. 26, PageID.152. Thus, a reasonable jury could find that administrative remedies were unavailable to address Marsh's complaints relating to the dog training program, precluding summary judgment for failure to exhaust. *See Kelly*, 2020 WL 1060325, at *9-10 (citing *Napier v. Laurel Cty.*, 636 F.3d 218, 225 (6th Cir. 2011)).

Anderson also argues that she is still entitled to summary judgment because Marsh does not identify her in the rejected Step I grievance. ECF No. 27, PageID.162-163. Anderson is correct that a prisoner fails to properly exhaust his administrative remedies under the policy directive if he fails to "specify the names of each person from whom he seeks relief." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). But if a "prison grievance procedure [is] entirely unavailable to [a prisoner] due to the nature of his complaint, there is no way that [he] could have failed to exhaust his remedies as to any [d]efendant." *Mays*, 2018 WL 4603153, at *3; *see also, Flint v. Eicher*, 2022 WL 202922, at *1-2 (W.D. Mich. Jan. 24, 2022) (excusing exhaustion of claims against a defendant not named in a

7

rejected grievance). Because no available administrative remedies would allow Marsh to exhaust his claims against Anderson, his claims against her should be allowed to proceed. *See id.,* at *2.

## IV. Conclusion

The Court thus **RECOMMENDS** that that Anderson's motion for summary judgment, ECF No. 11, be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 17, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

8

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2022.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager