UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MARSH,<br><br>    Plaintiff,<br><br>v.<br><br>JODIE ANDERSON, *et al.*,<br><br>    Defendants. | Case No. 21-10348<br>Honorable Bernard A. Friedman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT [ECF NO. 19]**

**I.   Introduction**

Plaintiff David Marsh, a prisoner of the Michigan Department of Corrections (MDOC), sues MDOC resident unit manager Jodie Anderson, Blue Star Service Dogs, Inc., and its executive director, Christine Myran, alleging violations of his rights under the Americans with Disabilities Act and the Fourteenth Amendment, and retaliation. ECF No. 1. The Honorable Bernard A. Friedman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6.

Marsh moves for a declaratory judgment that defendants Blue Star and Myran are MDOC contractors and thus liable under 42 U.S.C. § 1983

for acting under color of state law.  ECF No. 19.  For the reasons below, the Court construes Marsh's motion as a motion for partial summary judgment and recommends that it be denied without prejudice.

## II.     Background

While an inmate at MDOC's Saginaw Correctional Facility (SRF), Marsh participated in the Veterans' Dog Program to train service dogs for disabled veterans.   ECF No. 1, PageID.5.  Marsh withdrew from the program in April 2018 after an injury prevented him from caring for his assigned dog.  *Id.*  Although his work assignment termination report was marked "will take back," Marsh was refused re-assignment to the program after he was medically cleared to return to work in May 2019.  *Id.*, PageID.6.  ECF No. 1.  Marsh asserts in his motion that Blue Star and Myran were MDOC contractors and thus acting under the color of state law for purposes of § 1983.  Blue Star Service Dogs and Myran's relationship to MDOC is a factual and legal issue critical to the viability of Marsh's claims against these defendants.  Marsh's motion is thus properly construed as one for partial summary judgment.  *See Grand Trunk Western R.R. Co. v. Cosolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) ("Courts deny declaratory relief if an alternative remedy is better or more effective.").

### III. Analysis

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Marsh has not met a movant's initial burden. Although he argues that Blue Star Service Dogs had indisputably contracted with the MDOC to run a prison dog training program, he does not cite or attach any agreement executed by either Blue Star Service Dogs or MDOC. ECF No. 19. He thus has not supported the assertion that the existence of a contract cannot be genuinely disputed.

Nor has Marsh shown that he is entitled to judgment as a matter of law, even if he established the absence of a genuine dispute over the existence of contract between Blue Star Service Dogs and MDOC. By its own terms, § 1983 applies only to persons acting under the color of state law. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Private conduct may be considered "under the color of state law"

only if it is fairly attributable to the state. *Simescu v. Emmet County Dep't of Social Services*, 942 F.2d 372, 374 (6th Cir. 1991); *see Glover v. Rivas*, 536 F.3d 161, 170 (E.D. Mich. 2021) (quoting *Street* 102 F.3d at 814) ("Courts use the "public function test for determining whether [a private corporation's] conduct is fairly attributable to the state."). Marsh does not advance any argument that Myran, a private individual, or Blue Star Service Dogs, a private corporation, engaged in conduct fairly attributable to the state. Marsh's motion does not meet the initial burden for summary judgment.

### IV. Conclusion

The Court thus **RECOMMENDS** that that Marsh's motion be **DENIED** without prejudice.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: February 18, 2022

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 18, 2022.

                                        s/Michael Williams
                                        MICHAEL WILLIAMS
                                        Case Manager