UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MARSH,

      Plaintiff,                              Civil Action No. 21-cv-10348
                                                    HON. BERNARD A. FRIEDMAN
vs.                                                      MAG. ELIZABETH A. STAFFORD

JODIE ANDERSON, *et al.*

      Defendants.
_____/

**<u>OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT</u>**

I.    <u>Introduction</u>

      Plaintiff David Marsh is currently incarcerated with the Michigan Department of Corrections. He commenced this 42 U.S.C. § 1983 action against MDOC prison official Jodie Anderson, Blue Star Service Dogs, Inc., and its executive director, Christine Myran. (ECF No. 1). The complaint alleges that the defendants violated the First and Fourteenth Amendments, as well as the Americans with Disabilities Act, when they barred Marsh from participating in a service dog training program after he underwent left knee surgery. (*Id.*, PageID.9).

      Before the Court is Magistrate Judge Elizabeth A. Stafford's report and recommendation dated February 18, 2022. (ECF No. 32). The report recommended

that the Court deny Marsh's motion for declaratory judgment without prejudice. (ECF No. 19). Marsh timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 36).

For the following reasons, the Court will (1) overrule Marsh's objections, (2) accept and adopt the magistrate judge's report and recommendation, and (3) deny Marsh's motion for declaratory judgment without prejudice.

II.   Background

Since Marsh does not object to magistrate judge's factual summary, the Court finds that the recitation of the underlying allegations is accurate, and it will adopt the magistrate judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 32, PageID.186-87).

III.   Legal Standard

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

IV.   Analysis

Marsh raises three objections to the report and recommendation. None of them are persuasive.

Marsh first contends that he requires additional discovery to establish that Blue Star, and its executive director, are MDOC "contractors." (ECF No. 36,

2

PageID.200). The magistrate judge recommended, however, that the Court deny Marsh's motion *without prejudice*. (ECF No. 32, PageID.190). That means Marsh may renew his motion after obtaining the requisite information through discovery. *United States v. Harris*, No. 21-6021, 2022 U.S. App. LEXIS 2617, at *6 (6th Cir. Jan. 27, 2022) (holding that the denial of a pro se motion without prejudice allows the movant "to renew his arguments."). Factual discovery closes on August 23, 2022 – more than enough time for Marsh to solicit the information he needs to prove his case.

Marsh next argues that the magistrate judge's report and recommendation bars him from presenting documentary evidence showing that Blue Star, and its executive director, exercised "prison classification powers" typically reserved to MDOC officials. (ECF No. 36, PageID.201). But again, since the magistrate judge recommended the denial of Marsh's motion *without prejudice*, he retains the ability to refile the motion with any supporting materials he deems relevant. (ECF No. 32, PageID.190).

Marsh also draws on Michigan contract law to explain why, contrary to the magistrate judge's opinion, the actual service agreement between Blue Star and MDOC is unnecessary to demonstrate whether they have a contractual relationship. (ECF No. 36, PageID.201-02).

3

Michigan law recognizes both written and oral contracts. *Warnes v. Brubaker*, 107 Mich. 440, 443 (1895) ("The case arising upon a written contract is not different from one growing out of a valid oral agreement."). Here, Marsh failed to proffer a copy of any written service agreements between Blue Star and MDOC, or any other form of admissible proof verifying the existence of an oral contractual arrangement between them, *i.e.*, through depositions, affidavits, or responses to written discovery requests. The magistrate judge could not possibly discern whether Blue Star, and its executive director, are in fact MDOC contractors without some evidence of their contractual relationship.

Lastly, the magistrate judge properly construed Marsh's declaratory judgment motion as one for partial summary judgment because the motion raised factual questions – as opposed to "purely legal issues" – that are not suited for resolution on a declaratory basis. *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 290 (6th Cir. 1997); *see also Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (affirming the district court's conversion of a declaratory judgment motion into a summary judgment motion); *Universal Logistics Sols., Inc. v. Global Keg Rental, LLC*, No. 17-10078, 2017 U.S. Dist. LEXIS 118329, at *6 (E.D. Mich. Jul. 28, 2017) (collecting cases).

Nor do the federal rules provide for declaratory judgment motions. "The only way [Marsh's] motion can be construed as being consistent with the Federal Rules

is to construe it as a motion for summary judgment on an action for a declaratory judgment." *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995) (citation omitted).  Accordingly,

IT IS ORDERED that Marsh's objections to the magistrate judge's report and recommendation (ECF No. 36) are overruled.

IT IS FURTHER ORDERED that the magistrate judge's February 18, 2022 report and recommendation (ECF No. 32) is accepted and adopted.

IT IS FURTHER ORDERED that Marsh's motion for declaratory judgment (ECF No. 19) is denied.

|  |  |
|---|---|
| Dated:  March 17, 2022<br>    Detroit, Michigan | s/Bernard A. Friedman<br>Bernard A. Friedman<br>Senior United States District Judge |

5