UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MARSH,<br><br>Plaintiff,<br><br>v.<br><br>JODIE ANDERSON, *et al.*,<br><br>Defendants. | Case No. 21-10348<br>Honorable Bernard A. Friedman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS MYRAN AND BLUE STAR SERVICE DOGS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT; TO DENY PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; AND TO GRANT DEFENDANT ANDERSON'S MOTION FOR SUMMARY JUDGMENT
[ECF NOS. 39, 54, 59]**

## I. Introduction

Plaintiff David Marsh, a pro se prisoner, brings this action against Defendants Jodie Anderson, Christine Myran, and Blue Star Dogs under 42 U.S.C. § 1983 for violating the Americans with Disabilities Act (ADA) and the First and Fourteenth Amendments. ECF No. 1. The Honorable Bernard A. Friedman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6.

While an inmate at MDOC's Saginaw Correctional Facility (SRF), Marsh participated in the Veterans' Dog Program to train service dogs for

disabled veterans.  ECF No. 1, PageID.5.  In May 2018, he withdrew from the program after an injury that prevented him from caring for his dog.  *Id.*  A year later, after he was medically cleared to return to work, Marsh requested an accommodation "to help with the [program] in any capacity that he may be of assistance" as he waited for a surgical repair of his injuries.  *Id.*, PageID.6.  He claims that he received no response to his request and was not rehired after he was medically cleared to return to work.  *Id.*  Marsh alleges that defendants failed to accommodate him in violation of the ADA, denied him equal rights as required by the Fourteenth Amendment, and retaliated against him in violation of the First Amendment.  *Id.*, PageID.9.

Defendants Myran and Blue Star Service Dogs ("the Blue Star defendants") move for dismissal under Federal Rule of Civil Procedure 12(b)(6) or for summary judgment under Rule 56, arguing that they are not public entities or state actors, and thus not liable under § 1983 and the ADA.  ECF No. 39.  Marsh also moves for judgment on the pleadings, and Anderson moves for summary judgment.  ECF No. 54; ECF No. 59.

## II. Analysis

### A.

The Court will begin by addressing Marsh's motion for judgment on the pleadings, in which he argues that Anderson filed no answer to his complaint. ECF No. 54. Marsh's belief that Anderson had to file an answer is mistaken. Under the Prison Litigation Reform Act (PLRA), defendants do not have to respond to a § 1983 complaint unless the court orders them to do so. 42 U.S.C. § 1997e(g)(1); *Jones v. Bock*, 549 U.S. 199, 213-14 (2007).

This Court did not order Anderson to reply to Marsh's complaint, so Anderson's lack of an answer to the complaint "does not constitute an admission of the allegations in the complaint." *Jones*, 549 U.S. at 214. Besides, Anderson has responded to the complaint by moving for summary judgment. ECF No. 59. Thus, Marsh's motion for partial judgment on the pleadings should be denied.

### B.

Defendants move for dismissal and for summary judgment. A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

    In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).

    Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison*

4

*Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**C.**

### 1. Constitutional Claims against Blue Star Defendants

"If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). To make a claim under § 1983, a plaintiff must allege (1) a violation of an existing constitutional right, and (2) that the violation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Marsh alleges that the Blue Star defendants violated his First Amendment and equal protection rights "under color of state law." ECF No. 1, PageID.6, 9. Defendants note that Blue Star is a private company; its employees are not state actors under § 1983. ECF No. 39, PageID.233-239. Thus, for Marsh to state a claim against the Blue Star defendants under § 1983, he had to plead facts showing that the actions of those defendants were "fairly attributable to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).

A private entity's actions can be fairly attributable to the state only when it performs a function that has been "traditionally *and* exclusively" reserved to the state. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1929 (2019) (emphasis in original). "Very few functions fall into that category." *Id.* (cleaned up). As an example, a physician who treats

prisoners under a contract with the state functions as a state actor because the state holds the constitutional obligation to provide adequate medical care to its prisoners. *West v. Atkins*, 487 U.S. 42 (1988).

In contrast, "a plaintiff's mere employment with a state contractor does not convert the employer into a state actor." *Bell v. Mgmt. & Training Corp.*, 122 F. App'x 219, 222 (6th Cir. 2005). And "acts of 'private contractors do not become the acts of the government by reason of their significant or even total engagement in performing public contracts.'" *Id.* (quoting *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

To show that they are not state actors, the Blue Star defendants refer to a memorandum of understanding (MOU) with the MDOC for it to bring dogs to the prison once a week to provide vocational skills to prisoners and train dogs to assist traumatized military veterans. ECF No. 39-2, PageID.248-249; ECF No. 39-3, PageID.252-254. Blue Star received no remuneration under the MOU, and it paid Marsh no wages. *Id*. Marsh insists that the MOU is a contract. ECF No. 46, PageID.274. But even if it were a contract, that would not make Blue Star and its employees state actors. *Bell*, 122 F. App'x at 222. Blue Star does not perform an "exclusively public function"; training dogs for veterans is not a function that

is "traditionally *and* exclusively" reserved for the state.  See *Halleck*, 139 S. Ct. at 1929.

Thus, the Blue Star defendants are not state actors and Marsh cannot sue them under § 1983.

### 2.  Constitutional Claims against Anderson

Marsh claims that Anderson discriminated against him as a class of one in that she made decisions that "were based upon unreasoned distinctions."  ECF No. 1, PageID.8.  The Equal Protection Clause prohibits discrimination by the government that "either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference."  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011).  The class-of-one theory does not apply in the public employment context.  *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 598 (2008).

And even if the class-of-one theory could apply here, Marsh's claim would fail because he has identified no similarly situated prisoners who were treated more favorably than him.  ECF No. 1, PageID.8; ECF No. 61; *Aureus Holdings, Ltd. v. Detroit City*, 303 F. App'x 265, 269 (6th Cir. 2008) (granting summary judgment because the plaintiffs had "not pointed to evidence that they were treated less favorably than others similarly

situated, such as would support a 'class of one' equal protection claim.); *JDC Mgmt., LLC v. Reich*, 644 F. Supp. 2d 905, 937 (W.D. Mich. 2009) (finding that plaintiff failed to state a claim under the class of one theory because it had "not identified similarly-situated entities that were treated more favorably.").

Marsh states in an affidavit that he could not respond adequately to Anderson's motion because she refused to produce discovery documents and because he has been under medical treatment. ECF No. 61, PageID.439. Under Rule 56(d), a responding party may ask the court to defer considering or deny summary judgment because he has been unable to discover essential facts. Marsh attached Anderson's answers and objections to his request for production of documents that was served in March 2022. *Id*., PageID.442-445. Anderson correctly notes that Marsh has not moved to compel discovery or for an extension of discovery. ECF No. 63, PageID.453-454. And Marsh was able to move for partial summary judgment in May 2022, so he had the ability to move to compel discovery. ECF No. 54.

Marsh should not be permitted more time for discovery when he has not moved to extend the discovery period and when he has identified no similarly situated prisoner who was treated differently.

9

Marsh's retaliation claim against Anderson also lacks merit. To state a retaliation claim, Marsh had to allege that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [Marsh's] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Marsh's conclusory allegations fail to state a plausible claim of retaliation.

Anderson correctly argues that prisoners have no rights to prisoner employment or jobs. ECF No. 59, PageID.355. Marsh's "failure to be assigned a prison job to which [he] had no constitutional right, and which implicated no constitutional right is not an 'adverse action' under the retaliation standard." *Moon v. Golson*, No. 2:15-CV-12131, 2016 WL 704961, at *3 (E.D. Mich. Feb. 23, 2016). And Anderson presents evidence that she was not the decisionmaker for prisoner work assignments. ECF No. 59-2, PageID.378; ECF No. 59-5, PageID.394-395; ECF No. 59-7, PageID.421, ¶ F. Thus, Anderson took no action that could

be construed as retaliation, and she is entitled to summary judgment on the retaliation claim.

Anderson also argues that she is entitled to qualified immunity. ECF No. 59, PageID.370. Qualified immunity applies when the defendant did not violate a clearly established constitutional right. *Est. of Carter v. City of Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005). Because Marsh has failed to show that Anderson violated his constitutional rights, she is entitled to qualified immunity.

### 3. ADA Claim

Marsh alleges that defendants "failed to give [him] any form of accommodation to work as a Veterans' Dog Program Handler after his on-the-job injury, contrary to the [ADA]." ECF No. 1, PageID.6, 9. This claim lacks merit for many reasons. First, Blue Star cannot be held liable under the ADA. Myran said in an affidavit that Blue Star had one full-time and two part-time employees. ECF No. 39-2, PageID.248. To qualify as an employer covered by the ADA, Blue Star would have needed to have at least 15 employees. 42 U.S.C. § 12111(a)(5)(A). Marsh does not even

claim to have worked for Blue Star; he testified that he had "a prison job" within MDOC policies. ECF No. 59-5, PageID.397.

Marsh does not sue the state as his employer and, besides, the denial of "an appropriate prison job does not fall within the general employment discrimination provisions set forth in Title I of the ADA." *Cox v. Jackson*, 579 F. Supp. 2d 831 (E.D. Mich. 2008). And the individual capacity claims against Myran and Anderson also fail because "the ADA does not provide for personal liability for defendants sued in their individual capacities." *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007).

Finally, even if there were a viable defendant for Marsh to sue under the ADA, his claim would fail because he voluntarily withdrew from the Blue Star program before asking for an accommodation. *See Judge v. Landscape Forms, Inc.*, 592 F. App'x 403, 407 (6th Cir. 2014); *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 734 (5th Cir. 1999).

In sum, all of Marsh's claims lack merit.

### III. Conclusion

The Court **RECOMMENDS** that defendants' dispositive motions (ECF No. 39; ECF No. 59) be **GRANTED;** and that Marsh's motion for partial judgment on the pleadings (ECF No. 54) be **DENIED**.

<mark>Dated: December 20, 2022</mark>                    s/Elizabeth A. Stafford
                                              ELIZABETH A. STAFFORD
Dated: December 20, 2022                      United States Magistrate Judge

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2022.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager